[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS (No. 101)
The motion to dismiss now before the court claims a lack of jurisdiction over this action. For the reasons briefly stated below, the motion must be granted.
The plaintiff, who is incarcerated, has brought this action pro se. His complaint consist of eight handwritten pages. Some of the handwriting is illegible, and the legal claims made in the complaint are unintelligible or nearly so. Indeed, it is difficult to tell who or what the defendant is, since he (or they or it) is described in the summons as "Brown Mark Mohegan Tribe + Casino et al. The Mohegan Tribe." On July 15, 2002, service was made on the Chief Legal Counsel for the Tribe. On July 30, 2002, counsel appeared for "all defendants." On August 23, 2002, "the defendants," whoever (or whatever) they are, filed the motion to dismiss now before the court. The motion was argued on October 7, 2002.
As mentioned, the complaint itself is nearly unintelligible. The gravamen of the plaintiffs claim seems to be that he is entitled to membership in the Mohegan Tribe but has been denied that membership. The plaintiff additionally claims a litany of other wrongs, including defamation. It will be helpful to consider the tribal membership claim first.
It is clear from the statute on which the plaintiff himself relies that his tribal membership claim is not properly before the court. Conn. Gen. Stat. § 47-66j (b) sets forth the narrow circumstances in which a tribal membership claim can be brought to the Superior Court. Upon the request of a party to a membership dispute, "the dispute may be settled by a council." The statute provides that, "The decision of the council shall be final on substantive issues but an appeal may be taken to the Superior Court to determine if membership rules filed in the office of the Secretary of the State pursuant to this section have been followed." The plaintiff conceded at argument that he has not filed a request for a CT Page 12900 council pursuant to § 47-66j (b) nor has any such council made a decision pursuant to the statute. Under these circumstances, the court has no jurisdiction to hear the plaintiffs tribal membership claim and his action addressing that issue must be dismissed.
The plaintiff's remaining claims must be dismissed on the ground of tribal immunity. "As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." Kiowa Tribe v. Manufacturing Technologies, Inc.,523 U.S. 751, 754 (1998). "To abrogate tribal immunity, Congress must `unequivocally' express that purpose." CL Enterprises, Inc. v. CitizenBand Potawatomi Indian Tribe, 121 S.Ct. 1589, 1594 (2001). No such abrogation has occurred here. Congress has abrogated the Mohegan Tribe's immunity only with respect to criminal prosecutions. 25 U.S.C. § 1775d. It has not done so with respect to civil actions.
The Tribe argues that its tribal immunity is sufficiently sweeping to invalidate Conn. Gen. Stat. § 47-66j (b), discussed above. The Tribe's argument is plainly a forceful one, but it need not be reached here since, for reasons already discussed, § 47-66j (b) is inapplicable to this case on its own terms.
The motion to dismiss is granted.
___________________ Jon C. Blue Judge of the Superior Court CT Page 12901